Friedman v Garnet Wines & Liqs. Inc. (2026 NY Slip Op 01161)

Friedman v Garnet Wines & Liqs. Inc.

2026 NY Slip Op 01161

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 155385/21|Appeal No. 5986|Case No. 2024-03531|

[*1]Jeffrey Friedman, Plaintiff-Appellant,
vGarnet Wines & Liquors Inc., Defendant-Respondent.

Smith, Gambrell & Russell, LLP, New York (Andrew J. Costigan of counsel), for appellant.
Emre Polat, PLLC, New York (Emre Polat of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about May 6, 2024, which granted defendant's motion to dismiss plaintiff's defamation claim, unanimously affirmed, with costs.
The court properly dismissed the defamation claim. While the complaint adequately alleged the unauthorized, knowing or reckless publishing of a false statement (see Frechtman v Gutterman, 115 AD3d 102, 104 [1st Dept 2014]), the statement, viewed in its totality, was not defamatory (see Liberman v Gelstein, 80 NY2d 429, 435 [1992]; Geraci v Probst, 15 NY3d 336, 344 [2010]; see also Franklin v Daily Holdings, Inc., 135 AD3d 87, 94 [1st Dept 2015]). Defendant's statement that plaintiff was "lying" was made in the context of a credit card chargeback dispute with plaintiff, who was defendant's customer (see Gross v New York Times Co., 82 NY2d 146, 156 [1993]). The statement, when viewed in this context, and viewed along with the remainder of defendant's written comment to the credit card company, constitutes nonactionable opinion (see Davis v Boeheim, 24 NY3d 262, 270 [2014]; Zervos v Trump, 171 AD3d 110, 128 [1st Dept 2019], appeal dismissed 36 NY3d 1083 [2021]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026